**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Charles Cloud, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| AmSher Collection Services, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*.

## PARTIES

1. Plaintiff, Charles Cloud, is a natural person who resides in Harris County, Georgia.

2. Defendant, AmSher Collection Services, Inc., is a corporation formed under the laws of the State of Alabama and registered to do business in Georgia.

Defendant may be served with process via its registered agent, Corporation Service Company, at 40 technology Parkway South, Suite 300, Norcross, GA 30092.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of consumer bank account and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff received multiple phone calls from a number that he did not recognize.

13. On or about the morning of April 15, 2020, Plaintiff initiated a call to Defendant in response to the phone calls he had received.

14. During the course of the call, Plaintiff advised that he cannot take calls from Defendant between 8:00 a.m. and 5:00 p.m. as he is at work and during these

hours and unable to receive calls during these times without jeopardizing his position.

15. Plaintiff did seek to bar the Defendant from calling him at any hour otherwise permitted by law; for example, between 5:00 p.m. and 9:00 p.m.

16. Defendant acknowledged Plaintiff's request, but stated they could not stop calls.

17. Despite Plaintiff's request to not receive phone calls, Defendant placed a phone call to Plaintiff at 4:25 p.m. on April 15, 2020, while Plaintiff was at work.

18. Given the actual knowledge Defendant possessed regarding Plaintiff's condition and circumstances, Defendant's intent in making subsequent calls was to harass the Defendant as opposed to actually securing payment.

**INJURIES-IN-FACT**

19. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

20. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

21. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

22. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

23. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

**DAMAGES**

24. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry caused by concern that they are being called during work hours and have his employment jeopardized.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully stated herein.

***Violations of 15 U.SC. § 1692c and subparts***

26. A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the consumer.

27. A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent

jurisdiction, communicate with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

***Violations of 15 U.SC. § 1692d and subparts (Harassment & abuse)***

28. Having actual knowledge that the Plaintiff is unable to receive calls during her working hours, the Defendant's phone calls during this time period were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

29. Defendant's conduct violated 15 U.S.C. § 1692d.

***Violations of 15 U.SC. § 1692e and its subparts***

30. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

31. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

32. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt

collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

33. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

34. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

35. Defendant's representations or implications that led Plaintiff to believe that he would not receive phone calls in connection with the debt in collection while he was at work was objectively false and or materially misleading and a violation of 15 U.S.C. § 1692e and e(10).

36. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

**COUNT II**

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**

**O.C.G.A. § 10-1-390, *et seq.***

42. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully stated herein.

43. O.C.G.A. § 10-1-390 *et seq*. is commonly known as the "Fair Business Practices Act of 1975" (the “GFBPA”).

44. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

45. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

46. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

47. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

48. Defendant’s conduct has implications for the consuming public in general.

49. Defendant's conduct negatively impacts the consumer marketplace.

50. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

51. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

52. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

53. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

54. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

55. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

**TRIAL BY JURY**

56. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 20th day of May, 2020

**BERRY & ASSOCIATES**
*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

/s/ Chris Armor

Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
Email chris.armor@armorlaw.com
*Plaintiff's Attorneys*